Opinion issued December 27, 2002




 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00259-CR
____________
 
THEODORE BEVERLY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 878,532
 

 
 
O P I N I O NAfter the trial court denied his pretrial motion to suppress evidence, appellant,
Theodore Beverly, pleaded guilty to the offense of possession with intent to deliver
cocaine, weighing more than one gram but less than four grams. Appellant also 
pleaded true to the allegations in two enhancement paragraphs that he had two prior
felony convictions, and the trial court, pursuant to a plea agreement, assessed
punishment at 25 years confinement. In one point of error, appellant contends the
trial court erred in denying his motion to suppress evidence.


 We affirm.
Facts and Procedural Background
          On May 28, 2001, Baytown Police Lieutenant Martha Treloar was dispatched
to locate an intoxicated driver. A motorist on Interstate 10, who identified herself as
Cary Dixon, called in to the police dispatcher and reported that she saw a white Ford
Mustang swerving from one lane to another, slowing down, and speeding up. Dixon
gave the dispatcher her addresses in Baytown and Austin and two telephone numbers.
Treloar located the car, followed it, and saw the car swerve to the inside lane, then
swerve back out to the outside lane, and cross onto the shoulder of the road, failing
to maintain a single lane of travel. Treloar also noticed that the speed of the car was
inconsistent, alternately accelerating and slowing. Treloar activated the overhead
lights of her patrol car and effected a traffic stop, believing that the driver may have
been intoxicated.
          Appellant explained to Lieutenant Treloar that he was traveling from Beaumont
to Channelview, and that he left Beaumont at 7:30 a.m. Treloar found this strange
because it was 7:30 a.m. at the time she pulled him over. Although Treloar did not
smell alcohol on appellant’s breath, she asked him to get out and move to the rear of
the car because traffic was heavy. Treloar explained to appellant why she stopped
him, and appellant denied driving erratically and said he was not sleepy. 
          Baytown Police Officer Heather Harlow arrived at the scene, and appellant told
Harlow that he was driving to Channelview, he was sleepy, and he had had nothing
to drink. Harlow asked appellant if he had any alcohol, narcotics, or weapons in his
car, and appellant said that he had none and he had nothing to hide. Harlow then
asked appellant for permission to search his car, and appellant orally consented to a
search of his car. During the search, Harlow found, in the middle console of the car,
a plastic bag containing numerous white rocks, which tested positive for cocaine. 
Harlow arrested appellant, and his car was towed to an impoundment lot for
inventory. 
          Appellant filed a motion to suppress evidence, with evidence to be submitted 
by affidavit. In his affidavit, appellant insisted that he never gave the officers
permission to search his car and that Harlow searched his car without his consent. 
After the submission of appellant’s affidavit and the controverting affidavits of
Treloar and Harlow, the trial court heard argument from counsel and denied
appellant’s motion.
Standard of Review
          A trial court’s ruling on a motion to suppress evidence will not be set aside
unless there is an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996). We will afford almost total deference to a trial court’s
determination of facts supported by the record, especially when the findings are based
on the evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). Here, the trial court did not make explicit findings of
historical fact; we, therefore, review the evidence in the light most favorable to the
trial court’s ruling. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App.
2000). We assume the trial court made implied findings of fact supported in the
record that buttress its conclusion. Id. Because we do not determine credibility, our
de novo review of consent and mixed questions of law and fact becomes a de novo
review of legal questions. Spight v. State, 76 S.W.3d 761, 765 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).
 
Motion to Suppress
          In his sole point of error, appellant contends the trial court erred in denying his
motion, because his detention “exceeded the permissible scope” of an otherwise
acceptable investigative stop. He argues, therefore, that the fruits of his arrest and
detention should be suppressed pursuant to article 38.23 of the Code of Criminal
Procedure.



          Appellant does not dispute his initial detention under Lieutenant Treloar’s
traffic stop. Rather, he argues his detention became “illegal once the investigation
by the officer dispelled the officer’s suspicion of an intoxicated driver,” causing any
apparent consent by appellant to become “tainted” and any evidence obtained from
the search to be inadmissible.
          We have previously held that “an officer may request consent to search a
vehicle after a completed traffic stop but may not detain the occupants or vehicle
further if such consent is refused unless reasonable suspicion of some criminal
activity exists.” Spight, 76 S.W.3d at 767-68 (quoting Simpson v. State, 29 S.W.3d
324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)). In Spight, we
specifically refused to utilize a bright-line test or to hold that it was unreasonable per
se for an officer to request a consent to search after the completion of a traffic stop. 
Id. at 768. Rather, our focus is on the voluntariness of the consent. Id.
          A search pursuant to voluntary consent is an exception to the requirement that
a search be based upon a warrant supported by probable cause. See Reasor v. State,
12 S.W.3d 813, 817 (Tex. Crim App. 2000). In order to be valid, consent must not
be coerced, by implicit or explicit means, by implied threat, or by covert force. 
Carmouche, 10 S.W.3d at 331. The Texas Constitution requires the State to show by
clear and convincing evidence that consent was freely given. Id. If the record
supports a finding by clear and convincing evidence that consent was free and
voluntary, we may not disturb that finding. Id.
          In her affidavit, Officer Harlow testified that she asked appellant if he had
anything illegal in the car, and he stated “he had nothing to hide and that I could look
wherever I wanted.” Harlow then asked appellant “if he had any problem with me
looking inside his vehicle” and he responded, “no.” Harlow explained that at this
time neither she nor Lieutenant Treloar had told appellant that “he was under arrest
for any offense or that he had to give us consent to search his vehicle.” Although
appellant, in his affidavit, denied giving Harlow consent to search his car, the trial
court denied his motion, implicitly finding the officers’ affidavits credible. See
Walter v. State, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). 
          Because the affidavits of the officers would clearly establish that appellant’s
consent to search was freely and voluntarily given, and because the trial court could
choose to disbelieve any part or all of appellant’s affidavit, the record is sufficient to
support the trial court’s implicit finding that the search was consensual. See Jackson
v. State, 77 S.W.3d 921, 928-29 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 
Thus, we hold the trial court did not abuse its discretion in denying appellant’s
motion to suppress evidence, and we overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.